UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALMONDNET, INC., et al,

                     Plaintiffs,                      MEMORANDUM AND ORDER
                                                                        16-CV-1557

    v.

OATH HOLDINGS, INC.,
(formerly known as YAHOO! INC.),

                     Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

      In the determination of the second petition for a writ of mandamus filed by the Defendant, the United States Court of Appeals for the Federal Circuit held that "under § 1406(a), the district court now must either dismiss the case or transfer the case to a district or division in which it could have been brought." *In re Oath Holdings,* — F.3d —, 2018 WL 5930405 (Fed. Cir. Nov. 14, 2018) (quotation marks omitted).

## BACKGROUND

      The background of this litigated slice of a patent infringement action begins with a motion to dismiss the complaint for improper venue prompted by *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). The historical course of this litigation is fully described in *AlmondNet, Inc. v. Yahoo! Inc.,* — F.Supp.3d —, 2018 WL 3998021 (Aug. 21, E.D.N.Y. 2018) and in *In re Oath Holdings, supra.* Put succinctly, the issue presented was whether *TC Heartland* changed the law which, prior thereto, was believed to make futile motions pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure alleging improper venue. That belief was predicated upon *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574

(Fed. Cir. 1990) and the hundreds of cases which followed it. In *Almondnet, supra*, I held that *VE Holding Corp.* overlooked the then prevailing law as it had been announced years earlier in *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942) and *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 226 (1957), both of which were reaffirmed as still authoritative in *TC Heartland*, namely, that a domestic corporation "resides" only in its state of incorporation for purposes of the patent venue statute. In essence, I held that *TC Heartland* acknowledged the existing law but did not change it and that 12(b)(3) motions to challenge venue were, therefore, still viable, could be waived, and were waived in this case. DE 90, Tr. at 31-35. The motion to dismiss was, accordingly, denied.

In the determination of the first petition for a writ of mandamus, the Defendant was directed to move this court to reconsider its decision in the light of the Federal Circuit's recent decision in *In re Micron Technology, Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). *See* 705 Fed. App'x. 955 (Fed. Cir. 2017). That motion was duly made and in *Almondnet, supra*, the motion to reconsider was denied. In granting the second petition for a writ of mandamus, which followed that denial, the Court held that I was wrong in deciding that *TC Heartland* did not change the law and, in doing so, was disobedient to its *Micron* decision, adding further: "We ma[k]e clear . . . that the interpretation of . . . a patent-specific statute . . . is a matter of Federal Circuit law, not regional circuit law[1] (subject, of course, to Supreme Court law)." *In re Oath Holdings*, 2018 WL 5930405, at *3 (emphasis added).[2]

---

[1] *Fourco* originated in the Second Circuit and was decided in 1957 long before the Federal Circuit was created in 1982.

[2] I would understand this to mean that Federal Circuit law, i.e., *Micron*, must pay obeisance to *Stonite, Fourco* and *TC Heartland* which declare the Supreme Court law.

## **DISCUSSION**

I return to the direction that "[u]nder § 1406(a), the district court now must either dismiss the case or transfer [it] to a district . . . in which it could have been brought." *Id.* at *5 (quotation marks omitted).

Defendant does not dispute that it is chartered in Delaware and, as clearly decided by *TC Heartland*, Delaware is, therefore, where it resides and is the district in which this action should have been brought pursuant to § 1400(b).

It is interesting to note that the Court was directed to dismiss or transfer under § 1406(a) because the case was filed in the wrong venue rather than § 1404 which would apply if venue is properly laid and provides only for transfer and not dismissal. More interesting, however, is that § 1404 reads "For the <u>convenience of parties and witnesses</u>, in the interest of justice, a district court may transfer . . . ." (emphasis added). Section 1406(a) reads that in a case in which venue is wrongly laid, the district court "shall dismiss, <u>or if in the interest of justice</u>, transfer . . . ." (emphasis added). No mention is made of the convenience of the parties and witnesses. The reason for the distinction is not readily apparent, nor has cursory research found one. A slavish reading of the statutes might encourage a construction making convenience of the parties and witnesses of no consequence or, at the very least, subordinate to the interest of justice in the application of § 1406(a). A reading of such cases as have been found even glancingly touching the subject would discourage that construction. Perhaps the answer is suggested in *Schneider v. Sears*, 265 F.Supp. 257 (S.D.N.Y. 1967) in which Judge Weinfeld, listing the usual criteria considered in making venue determination—convenience of parties and witnesses, for example—ends that list with "the interests of justice, a term broad enough to cover the particular

circumstances of each case, which in sum indicate that the administration of justice will be advanced by the transfer." *Id.* at 263. He also was careful to note, however, that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal . . . ." *Id.* at 266-267. The reasons for litigating related claims in the same tribunal are manifest. It facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results. The interest of justice is served by avoiding the waste of judicial resources and imposing needless inconveniences and burdensome expenses upon the parties and witnesses. *See National Super Spuds, Inc., v. New York Mercantile Exchange*, 425 F.Supp. 665, 667 (S.D.N.Y. 1977). Frequently cited in recognition of that "strong policy" is *Continental Grain Co. v. The FBL-585*, 364 U.S. 19 (1960), in which Justice Black wrote that "to permit a situation in which two cases involving precisely the same issue are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Id.* at 26. Those concerns would surely be applicable to § 1406(a) as well.

Addressing the issue very precisely is *Chrylser Capital Corp. v. Woehling*, 663 F.Supp 478 (D. Del. 1987). There, an action was commenced in Delaware and the defendant moved to dismiss the complaint or transfer it to the District of New Jersey to be consolidated with a related action before that court. In granting the motion to transfer, the court wrote that: "The most significant criterion for deciding a motion to transfer is the interest of justice . . . . [C]entral to the interest of justice is the maintenance of sound judicial administration and the conservation of judicial resources. . . . It follows that suits involving the same legal and factual issues should be decided by one court and not be permitted to proceed in two different courts simultaneously." *Id.* at 483 (internal citations omitted) (citing *Continental Grain Co., supra*). See also, as another

representative case of the many recognizing the same "strong policy" cited frequently, *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968), *cert. denied*, 393 U.S. 977 (1968).

Left for last is *Scaramucci v. FMC Corp.*, 258 F.Supp 598 (W.D. Okla. 1966), a case that mirrors this one. A patent infringement action was brought by a citizen of Oklahoma against the defendant corporation chartered in Delaware. The defendant moved to dismiss for improper venue. After this action was commenced in that court, the defendant brought a declaratory judgment action covering the same subject matter in the United States District Court for the Southern District of Texas. After a meticulous finding of facts and application of § 1400(b) to those facts, recognizing the authoritative understanding of that statute as announced in *Stonite*, *supra*, and *Fourco*, *supra*, the court concluded that the second prong of that statute, namely, the place where the infringement occurred and the defendant had a regular and established place of business, required that the action be transferred to Texas. It should be noted that it was that prong upon which the Plaintiff relied in advocating in its claim to transfer this action to the Southern District of New York, a claim that was never tested in the cauldron that was this litigation over venue. The relevance of that seemingly unrelated discussion of that "strong policy" of litigating related cases in the same tribunal is that serendipitously, just months before the second writ of mandamus was issued, the Plaintiff moved this court for an order that would transfer this case to Delaware on condition that the Court grant the motion to reconsider directed by the Federal Circuit. That motion was mooted by my denial to reconsider. In support of it, however, the Court was advised that on June 26, 2018, the Plaintiff sued the Defendant in the district of Delaware, alleging the infringement of a related patent. The Defendant was advised of the new action and was invited to resolve their venue dispute by transferring this case to

Delaware for consolidation with it. The defendant rejected that invitation. DE 113-1. Dueling memoranda ensued. The Defendant's Response in Opposition to the Plaintiff's conditional motion is at DE 115, and the Plaintiff's Reply, at DE 116. At a conference with the parties on November 20, 2018, called to give them an opportunity to express their views on dismissal or transfer, the essence of those views were stated, in their submissions noted above.

A reading of the memoranda of the parties referenced above, each advancing their own view as to their respective convenience, the convenience of witnesses and the other usual criteria, drives the Court to conclude that all the relevant factors considered are in equipoise. That conclusion, in addition to sustaining the balance in favor of the Plaintiff's choice of forum, *see Gulf Oil Corp., v. Gilbert*, 330 U.S. 501, 508 (1947), also favors the strong policy favoring the litigation of related claims in the same tribunal.

For the foregoing reasons, I direct that this case be transferred to the United States District Court for the District of Delaware, confident in the belief that the interest of justice requires it.

The Clerk of the Court is directed to take the necessary actions to accomplish the transfer.

SO ORDERED.

Dated:     Brooklyn, New York
           December 5, 2018           /s_____
                                      I. Leo Glasser
                                      Senior United States District Judge